UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK E. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.  1:15-cv-730-WTL-TAB |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Derrick E. Bell requests judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Mr. Bell's application for Disability Insurance Benefits ("DIB") and Supplemental Security Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act").  The Court, having reviewed the record and the briefs of the parties, now rules as follows.

### I.     PROCEDURAL HISTORY

Mr. Bell filed for DIB and SSI on April 20, 2012, alleging he became disabled on December 1, 2010, due to degenerative disc disease.  Mr. Bell's application was denied initially on February 10, 2012, and again upon reconsideration on September 20, 2012.  Following the denial upon reconsideration, Mr. Bell requested and received a hearing in front of an Administrative Law Judge ("ALJ").  That hearing, during which Mr. Bell was represented by counsel, was held on September 12, 2013, before ALJ Belinda J. Brown.  The ALJ issued her decision on December 19, 2013, denying Mr. Bell's claim.  Mr. Bell requested review by the

Appeals Council, and the Appeals Council upheld the hearing decision on March 30, 2015, and denied the request for review. Mr. Bell then filed this timely appeal.

## II.     APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i).[1] At step two, if the claimant does not have a "severe" impairment (*i.e.*, one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to SSI sections only, with the exception of DIB section cites where they provide information beyond that found in the SSI sections.

not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citation omitted). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176 (citations omitted).

### III.    ALJ BROWN'S DECISION

ALJ Brown determined at step one that Mr. Bell had not engaged in substantial gainful activity since December 1, 2010, the alleged onset date. R. at 18. At steps two and three, the ALJ concluded that Mr. Bell had the severe impairment of degenerative disc disease. *Id.* At step four, the ALJ determined that Mr. Bell had the following residual functional capacity ("RFC"):

> [H]e is able to sit for six hours in an eight-hour work day, stand for one hour in an eight-hour work day, and walk for one hour in an eight-hour work day. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, stairs. He can never climb ladders or scaffolds.

R. at 22. The ALJ also determined that Mr. Bell was unable to perform any past relevant work. R. at 23. Instead, she determined that Mr. Bell was able to perform a limited range of sedentary

3

work, R. at 22, in positions existing in significant numbers in the national economy, R. at 24. Accordingly, the ALJ concluded that Mr. Bell was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The ALJ's decision in combination with Mr. Bell's brief (Dkt. No. 16) aptly set forth the medical evidence of record, which need not be recited here. Specific facts are introduced in the discussion section below where relevant.

## V. DISCUSSION

In his brief in support of his Complaint, Mr. Bell argues that the ALJ (1) erred in Step Three in her determination that Mr. Bell's impairments did not meet or medically equal listing 1.04; and (2) erroneously gave significant weight to the non-examining state agency physicians' findings that Mr. Bell did not have severe impairments and was not disabled.

Mr. Bell argues that the ALJ erred in analyzing whether Mr. Bell's impairments medically equaled a listing for two reasons: 1) no medical expert determined whether Mr. Bell's impairments met a listing after additional medical evidence was received following the opinions of the state agency physicians; and 2) the ALJ's analysis of the objective medical evidence was deficient.

A claimant is eligible for benefits if he has a condition that meets or equals an impairment listed in appendix 1 to 20 C.F.R. § 404. 20 C.F.R. § 404.1520(a)(4)(iii); (d). "Each listing has a set of criteria which must be met for an impairment to be deemed conclusively disabling." *Kastner v. Astrue*, 697 F.3d 642, 647 (7th Cir. 2012); *see also* 20 C.F.R. § 404.1525(c). If a claimant's impairments meet a medical listing, he will be found disabled. 20 C.F.R. § 404.1520(d). If a claimant's impairments do not meet any medical listing, the ALJ must consider whether the impairments equal any listing. 20 C.F.R. §§ 404.1520(e);

404.1525(c)(5); 404.1526(a). "Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue." *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) (citing 20 C.F.R. § 404.1526(b); S.S.R. 96–6P at 3, *reinstating* S.S.R. 83–19; and *Farrell v. Sullivan,* 878 F.2d 985, 990 (7th Cir. 1989)).

Mr. Bell argues that the ALJ erred by not seeking medical expert opinion on medical equivalency for listing 1.04. Both state agency physicians completed Disability Determination and Transmittal forms and determined that Mr. Bell's condition did not limit his ability to work, *i.e.*, his condition did not meet or equal a listing. *Scheck*, 357 F.3d at 700 ("These forms conclusively establish that 'consideration by a physician . . . designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review.'") (quoting SSR 96-6P (S.S.A. July 2, 1996)). The first state agency physician review took place in February 2012, and the second was completed on September 20, 2012. Both opinions were formulated without knowledge of Mr. Bell's surgery on September 19, 2012, and they did not consider it or post-surgical medical evidence, including a post-surgical lumbar spine MRI.

Moreover, in determining medical equivalency, no medical expert testified at the hearing. Instead, the ALJ examined the medical evidence, including surgical and post-surgical records, and determined that Mr. Bell's condition did not meet or medically equal a listing. *See* R. at 20-22. In this respect, the ALJ impermissibly substituted her judgment for that of a physician. *Moon v. Colvin,* 763 F.3d 718, 722 (7th Cir. 2014) (noting that ALJs must "rely on expert opinions instead of determining the significance of particular medical findings themselves"); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[A]s this Court has counseled on many

5

occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings") (citations omitted).

An ALJ's opinion is not a substitute for evidence. *Barnett*, 381 F.3d at 671; *see also Engstrand v. Colvin*, 788 F.3d 655, 660-61 (7th Cir. 2015) (determining that ALJ was "inappropriately playing doctor") (internal quotations omitted); *Goins v. Colvin,* 764 F.3d 677, 680 (7th Cir. 2014) (same). As Mr. Bell indicates, "[a]ccording to SSR 96-6p, the ALJ should obtain an updated medical opinion from a medical expert where additional evidence is received that could modify the State Agency medical consultant's finding that the impairment was not equivalent in severity to any impairment in the Listing of Impairments." Dkt. No. 16 at 14-15. Here, the ALJ erred in failing to consult a medical expert regarding whether, in light of the surgery and post-surgical medical evidence, Mr. Bell's impairments medically equaled listing 1.04. On remand, the ALJ is specifically instructed to obtain a medical expert's opinion regarding whether, considering the medical evidence as a whole, Mr. Bell meets or equals listing 1.04. Obviously, once that opinion is obtained, the ALJ will have to reevaluate her analysis of listing 1.04, including the weight given to all of the medical opinions of record.

## VI.    CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 9/19/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication

6